**STATE ex HAYES et v
GUCKENBERGER et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5902. Decided Nov 17, 1941

450

George Metzger, Cincinnati, for relator.

Carl W. Rich, Cincinnati; Walter M. Locke, Cincinnati, and Edward Strasser, Cincinnati, for respondents.

## OPINION

BY THE COURT:

This was an original action in mandamus to require the County Auditor, the Budget Commission, and the County Treasurer to make a uniform tax levy for the year 1940 for school purposes in the newly created Whitewater Township Rural School District. Confusion resulting from conflicting court orders made this action necessary in order that the county officials might proceed safely.

This court granted the writ of mandamus in accordance with the prayer of the petition and the action now comes before the court on the motion of the relators, who are taxpayers, to have a reasonable fee to their attorney taxed as a part of the costs against the defendants and ordered paid out of the appropriate public fund.

There is no doubt that valuable services were rendered that redounded to the benefit of the public and there is also no doubt that the amount requested is very reasonable.

We are confronted with the problem of determining whether there is any legal basis for making the award.

As no fund under the control of the court was either created or preserved, an allowance of attorney's fees cannot be based upon the general equity powers of the court. **Bedford v State, 123 Oh St 413, State v West, 135 Oh St 589.**

If the right exists, it must be found in some statutory authorization, and the only statute applicable to county officials to which we have been referred is §2923 GC. That section authorizing the court to allow attorney fees as part of the costs in an action by a taxpayer who prosecutes an action on behalf of the county under the authority of §2922 GC, is expressly limited to civil actions contemplated in the preceding section, that is, §2921 GC. That section is quite specific as to the actions to which it refers. It provides:

"Upon being satisfied that funds of the county, or public moneys in the hands of the county treasurer or belonging to the county, are about to be or have been, misapplied, or that any such public moneys have been illegally drawn, or withheld from, the county treasury, or that a contract in contravention of law has been, or is about to be entered into, or has been or is being executed, or that a contract was procured by fraud or corruption, or that any property, real or personal, belonging to the county is being illegally used or occupied, or is being used or occupied in violation of contract, or that the terms of a contract made by or on behalf of the county are being or have been violated, or that money is due the county, * * * *"

An action in mandamus to require a tax levy is not one of the actions enumerated in the statute. It is, therefore, no authorization of an allowance of attorney's fees in this action.

We have been referred to §§4313 et seq. GC, as bearing upon the right to allow attorney fees in taxpayers' ac-

tions. Those sections relate solely to actions on behalf of municipalities. They have no application to actions on behalf of counties against county officials. Therefore, it is not necessary to determine the scope of those sections.

For these reasons the application for allowance of attorney's fees as part of the costs is overruled.

MATTHEWS, PJ., HAMILTON & ROSS, JJ., concur.